UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>Petitioner,<br>v.<br>KASH PATEL, et al.,<br>Respondents. | Case No. 26-cv-02259-EMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE**<br><br>Docket Nos. 2, 3, 5 |

Jane Doe ("J.D.") has filed suit against several agencies of the federal government, including the FBI and Secret Service. She seeks, *inter alia*, a writ of mandamus. *See* 28 U.S.C. § 1361. Pending before the Court are several motions: (1) J.D.'s application to proceed in forma pauperis ("IFP"); (2) J.D.'s motion to proceed under a pseudonym; and (3) J.D.'s motion to file exhibits under seal. For the reasons discussed below, the Court **GRANTS** J.D.'s IFP application but dismisses her petition/complaint with prejudice. Because the Court is dismissing the complaint, J.D.'s remaining motions are moot.

## I. DISCUSSION

Pursuant to 28 U.S.C. § 1915(a), "[a] court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security." *Lim v. N.Y. St. Bd. of Law Exam'rs*, No. 25-cv-02661-DMR, 2025 U.S. Dist. LEXIS 15408, at *1 (N.D. Cal. May 12, 2025). The Court has considered J.D.'s financial affidavit, and, though a close call, finds that she has satisfied the economic eligibility requirement of § 1915(a).

/ / /

United States District Court
Northern District of California

That J.D. has IFP status, however,

> does not mean that [she] may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Id.* at *1-2.

The Court finds that dismissal of J.D.'s case is warranted because she fails to state a claim on which relief may be granted. As noted above, J.D. primarily seeks a writ of mandamus.[1] Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt[;] and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

According to J.D., she is entitled to mandamus relief because she made reports to the FBI and Secret Service about criminal activity affecting her[2] and about threats to the President, but the agencies failed to act. Recognizing that mandamus relief is available only where an official's duty is nondiscretionary, she maintains that she is not asking for "any specific investigative outcome or prosecutorial decision." Pet./Compl. at 2. Rather, she asks only for the following "ministerial

---

[1] J.D. also asserts a claim under the APA, but it is based on the same factual predicate as her mandamus claims. *See* 5 U.S.C. § 706(1) (providing that a court shall "compel agency action unlawfully withheld or unreasonably delayed").

[2] J.D.'s petition/complaint is vague about the nature of the criminal activity. She refers to, *e.g.*, child and adult exploitation, sex trafficking, a civil rights conspiracy, and an illegal RICO enterprise, but she does not provide any concrete facts supporting such. *See* Pet./Compl. at 1. Similarly, she asserts that a criminal enterprise has infiltrated the Texas and California Departments of Motor Vehicles systems, exploited Social Security Administration records, and manipulated the U.S. Postal Service infrastructure, but does not provide any concrete facts in support or any context for the claim. She also suggests she has been subject to abuse "derived from eugenics related [to] her national origin and ancestry, including Khoisan ancestry," and targeted because of "previous oil and gas leases held by her ancestors," Pet./Compl. at 10, but fails to provide any additional information to give context to these allegations.

United States District Court
Northern District of California

acts" to be performed: "formal receipt [of her report of criminal activity or threat], logging, acknowledgment, assignment of a case reference number, and referral of her complaint to appropriate units within thirty (30) days." Pet./Compl. at 2.

As an initial matter, the Court notes that it is not clear this District is the proper venue for J.D.'s petition/complaint. *See* 28 U.S.C. § 1391(e)(1) (providing that, in a civil action in which a defendant is an agency of the United States, venue is proper in any judicial district in which "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (C) the plaintiff resides"). Although J.D. contends she has been trying to return to California for more than 20 years, *see* Pet./Compl. at 16, she does not appear to currently be a resident of the state. In addition, none of the federal agencies are based in California. Although J.D. indicates that she reported a threat to the President to the Secret Service's San Francisco Office (as well as its D.C. office), that does not mean a substantial part of the events or omissions giving rise to her claims took place in California. J.D. has suggested that people working for the criminal enterprise harming her are based in California, but her case as alleged is about federal agencies' failure to act.

For purposes of this order, however, the Court assumes that venue is proper. Thus, the Court's focus is on whether J.D. has failed to state a claim for mandamus relief. As stated above, the Court concludes that J.D. has failed to state such. According to J.D., the FBI and Secret Service have a nondiscretionary duty to "formal[ly]" receive her reports of criminal activity and threats, log the reports, assign her reports a case number, and refer her reports to appropriate units. Pet./Compl. at 2. But J.D. has not cited any nondiscretionary "complaint-processing duties established by statute, regulation, [or] the FBI's Domestic Investigations and Operations Guide (DIOG)." Pet./Compl. at 4. For example, J.D. refers to 28 U.S.C. § 535(b), but that statute states that

> [a]ny information, allegation, matter, or complaint witnessed, discovered, or received in a department or agency of the executive branch of the Government relating to violations of Federal criminal law involving Government officers and employees shall be expeditiously reported to the Attorney General by the head of the department or agency, or the witness, discoverer, or recipient, *as appropriate* . . . .

United States District Court
Northern District of California

28 U.S.C. § 535(b) (emphasis added). The language "as appropriate" indicates discretion. J.D. also claims that the Secret Service and FBI have "non-discretionary ministerial duties to receive, log, and route *credible* threat intelligence submitted by members of the public" and "*credible* complaint[s] of federal crimes," Pet./Compl. at 4, 7 (emphasis added), but the term "credible" again indicates discretion. J.D., therefore, has not demonstrated entitlement to mandamus relief.

For similar reasons, J.D. has also failed to state a claim for violation of the APA. *See* 5 U.S.C. § 706(1) (providing that a court shall "compel agency action unlawfully withheld or unreasonably delayed"); *Vaz v. Neal*, 33 F.4th 1131, 1135-36 (9th Cir. 2022) (stating that "'a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take[;]' [t]hus, a court may compel agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty' and (2) has unreasonably delayed in performing such duty") (emphasis omitted).

## II. CONCLUSION

For the foregoing reasons, the Court grants J.D.'s application to proceed IFP but dismisses her case with prejudice. Because the Court is dismissing her case, her other pending motions are moot.

This order disposes of Docket Nos. 2, 3, and 5.

**IT IS SO ORDERED**.

Dated: October 27, 2026

EDWARD M. CHEN
United States District Judge